**Calvin Winston JACKSON, Appellant,**

v.

**Louis S. NELSON, Warden, Lieutenant Roger and Mr. Powell of San Quentin Prison, Appellees.**

No. 22308.

United States Court of Appeals
Ninth Circuit.

Dec. 13, 1968.

---

Calvin Winston Jackson, for appellant.

Thomas C. Lynch, Atty. Gen., Robert R. Granucci, Jerome C. Utz, Deputy Attys. Gen., San Francisco, Cal., for appellees.

Before CHAMBERS, POPE and HAMLEY, Circuit Judges.

PER CURIAM:

Defendants moved to dismiss the complaint in this civil rights action on the ground that the complaint, as amended, fails to state a claim upon which relief can be granted. Alternatively, they moved for summary judgment, asserting that the complaint was frivolous. The district court granted the motion to dismiss the complaint and did not pass upon the alternative motion. Plaintiff appeals.

An order dismissing a complaint but not dismissing the action is not final and appealable, under 28 U.S.C. § 1291 (1964), unless there are special circumstances which make it clear that a court determined that the action could not be saved by any amendment of the complaint which the plaintiff could reasonably be expected to make. Marshall v. Sawyer, 9 Cir., 301 F.2d 639, 643.

We do not believe that such special circumstances exist in this case. In its order dismissing the complaint, the district court was careful to state that the complaint "dated June 12, 1967" is dismissed because it "does not state a cause of action against defendants." Moreover, examination of the complaint, as supplemented, reveals a series of broad conclusory statements unsupported, for the most part, by specific allegations of fact. In addition, the individual defendants are nowhere referred to in the pleadings, other than in the title to the action, and there is, consequently, no way of determining which defendant, if any, is

being charged with responsibility for a particular grievance.

■ The fact that the district court granted Jackson leave to appeal in forma pauperis is a circumstance which this court may accept as demonstrating that the district court determined that the action could not be saved by any amendment of the complaint which the plaintiff could reasonably be expected to make. See DeWitt v. Pail, 9 Cir., 366 F.2d 682, 684–685. However, in view of the additional circumstances present in this case, as described above, we are unwilling to accept this action by the district court as conclusively establishing, in this case, that the court determined that this action could not be saved by amending the pleadings.

There are probably a number of asserted grievances set forth in the complaint which plaintiff will be unable to support with factual allegations sufficient to state a claim or claims cognizable under the Civil Rights Act, Rev.Stat. § 1979 (1875), 42 U.S.C. § 1983 (1964). But there are others which plaintiff may possibly be able to reframe in an amended complaint in such a fashion as to defeat a motion to dismiss.

■ There is no merit in plaintiff's argument that the cause should have been referred to a three-judge court. The pleadings in their present form do not level an attack upon the constitutionality of an administrative order of general application representing considered state policy.

For the reasons stated, the appeal is dismissed. Plaintiff may move in the district court for leave to file an amended complaint.

CHAMBERS, Circuit Judge (concurring).

I concur in the above decision because I believe the district court had not determined that Jackson could not file another amended complaint. I realize that an argument to the contrary has substance, but I reject it.