**Helen DAVIS, Veronica Davis, Edward Chapman, a/k/a Rafiq Zaidi, Plaintiffs,**

**v.**

**The CITY OF PORTSMOUTH, VIRGINIA, et al., Defendants.**

Civ. A. No. 83–609–N.

United States District Court, E.D. Virginia, Norfolk Division.

Dec. 20, 1983.

Helen Davis, pro se.

Veronica Davis, pro se.

Edward Chapman, aka Rafiq Zaidi, pro se.

Steven Lieberman, City Atty., Portsmouth, Va., for City of Portsmouth.

## OPINION AND ORDER

KELLAM, Senior District Judge.

Plaintiffs, three black residents, proceeding *pro se*, bring this action against the City of Portsmouth and various other parties to redress alleged violations of their civil rights. In their complaint plaintiffs allege that defendants' proposed plan to redevelop the central downtown area of the City of Portsmouth was designed with the intention to discriminate racially against the black residents of that area. Plaintiffs seek $1,000,000 in monetary damages, together with declaratory and injunctive relief.

Before the Court are plaintiffs' motions for class certification, summary judgment and preliminary injunctive relief. Defendants have filed responsive pleadings, motions to dismiss and motions for summary judgment. All pending motions will be decided herein.

### I.

Plaintiffs, pursuant to Rule 23 of the Federal Rules of Civil Procedure, seek certification as a class to bring their civil rights action against defendants. Plaintiffs claim that they are representative of the class of "poverty-ridden blacks" which reside in the area of central Portsmouth that is subject to the City's racially motivated redevelopment plan.

■ This Court has broad discretion in determining whether a particular action complies with the requisites of Rule 23(a). This determination is usually predicated on more information than the complaint itself affords. *Roman v. ESB, Inc.*, 550 F.2d 1343, 1348 (4th Cir.1976). 7A C. Wright & A. Miller, *Federal Practice and Procedure*, Civil § 1785 (1969). The burden is upon plaintiffs to provide the Court sufficient information to determine whether class certification is appropriate. A hearing on all motions filed herein was held on

November 10, 1983. At that hearing, the Court entertained argument and considered all affidavits or other evidence from both plaintiffs and defendants on the question of class certification and other issues. Although plaintiffs requested class certification as black citizens of Portsmouth, they have not presented facts in their pleadings, memoranda or oral argument to satisfy the requisites of class certification under Rule 23.

■ Plaintiffs are proceeding *pro se*. Neither of the plaintiffs are lawyers, or experienced in the preparation or trial of law suits. It would not be expected they could provide adequate representation of their class.[1] Fed.R.Civ.P. 23(a)(4). "[A]n essential concomitant of adequate representation is that the party's attorney be qualified, experienced and generally able to conduct the proposed litigation." *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir.1968). Unless a party can fairly and adequately protect the interest of the class, he may not represent it and the Court generally considers "the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.: *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975). Thus, class certification of *pro se* plaintiffs would be inappropriate, in that the rights of parties included in the class may be jeopardized by unqualified representation. Plaintiffs' motion for class certification is DENIED. In accordance with Rule 23(d)(4) that the complaint filed herein is ORDERED amended by striking out reference to the class action and the representation of absent persons, and plaintiffs may proceed as individual parties.

### II.

■ Defendants George C. Hanbury, II, Gerald Burgess, James M. Bary, James W. Noel and Steven Lieberman, have all filed motions for summary judgment on the grounds (1) that plaintiffs have not and

---

1. Plaintiffs were denied court-appointed counsel in the Court's pre-trial order filed November 1, 1983.

cannot allege a set of facts that would support their claim of discrimination and (2) that plaintiffs have failed to allege facts sufficient to state a cause of action. Defendants are entitled to summary judgment as a matter of law when there is no genuine issue as to any material fact. Fed.R. Civ.P. 56. The moving party has the burden of demonstrating that there is no genuine issue of fact, and any doubt as to a dispute over material facts should be resolved against him. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The rule further provides that "an adverse party may not rest upon the mere allegations or denial of his pleading, but his response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). *Bland v. Norfolk and Southern Railroad Co.*, 406 F.2d 863 (4th Cir.1969). Once evidence has been submitted by the movant in a motion for summary judgment, it is the responsibility of the opposing party to introduce its own evidentiary material to the contrary. *Delong Corp. v. Raymond International, Inc.*, 622 F.2d 1135 (3rd Cir. 1980); *Human Resources Institute of Norfolk, Inc. v. Blue Cross of Virginia*, 484 F.Supp. 520 (E.D.Va.1980). Plaintiffs proceeding *pro se*, however, are entitled to have notice of their right to file affidavits and responsive material to prevent summary judgment against them. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975).

■ Plaintiffs responded to defendants' motions for summary judgment within twelve days, but failed to include supporting affidavits or other responsive material. On November 10, 1983 plaintiffs were granted an evidentiary hearing to address all pending motions. At the hearing, plaintiffs were aware that summary judgment could be entered against them for failing to respond appropriately. Plaintiffs, however, did not present supporting facts or other material in response to defendants' motions for summary judgment. Instead, plaintiffs relied on the allegations in their pleadings and did not, as required by the rule, address defendants' denials of discriminatory conduct. We conclude that plaintiffs have had sufficient opportunity and notice to defend against defendants' motions for summary judgment. Therefore, the motions for summary judgment of the above-mentioned defendants are GRANTED, and defendants are DISMISSED as parties to this action.

### III.

All defendants filed motions to dismiss: Praful Shaw and Associates, Inc., together with Land Design/Research, Inc., and Michael Kay, Director of the Portsmouth Redevelopment and Housing Authority filed an answer and motion to dismiss on the ground that plaintiffs' complaint fails to state a cause of action against them. The City of Portsmouth, on behalf of the Portsmouth Economic Development Department and the Portsmouth Planning Commission, as well as James Greiner, Director of Parks and Recreation, filed motions to dismiss on the same ground. A general motion to dismiss was filed by the City with its answer to the complaint on behalf of the Mayor, Vice Mayor, and City Council members, as well as various other city officials and employees; i.e., George C. Hanbury, James Greiner, Gerald Burgess, City of Portsmouth Planning Commission, James M. Bray, James W. Noel, Jr. and Steve Lieberman. Summary judgment has been granted for many of the defendants. The motions to dismiss filed by the remaining parties will now be considered.

Plaintiffs allege in their complaint that defendants Praful Shaw and Associates, Inc. and Land Design/Research, Inc. under a contract with the Portsmouth Redevelopment and Housing Authority, provided the City with detailed land development evaluations. Apparently, plaintiffs believe that these private consulting firms violated their civil rights through land development evaluations used by the City. Praful Shaw and Associates, Inc. and Land Design/Research, Inc. move this Court to dismiss plaintiffs' action for failing to state a cause of action.

■ For purposes of granting a motion to dismiss, the complaint is construed

in the light most favorable to plaintiffs and its allegations are taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1969). However, more detail often is required than the bold statement by plaintiff that he has a valid claim of some type against defendant. 5 C. Wright & A. Miller, *Federal Practice and Procedure*, Civil § 1357 (1969). For example, in *Jackson v. Nelson*, 405 F.2d 872 (9th Cir.1968), the Court affirmed the dismissal of a civil rights action for failure to state a claim of relief when the complaint contained a series of broad conclusory statements unsupported by specific allegations of fact. In addition, the Court found the individual defendants were not sufficiently referenced in the pleadings, and consequently, the Court had no way of determining which defendant, was responsible for a particular grievance. *Id.* at 873–874. As in *Jackson*, plaintiffs' complaint in this case fails to make specific allegations of civil rights violations against many of the defendants. Regarding defendants Praful Shaw and Associates and Land Design/Research, Inc., the complaint fails to show an actionable connection between the City's implementation of an allegedly discriminatory development plan and these private consulting firms. For these reasons, the motion to dismiss of defendants Praful Shaw and Associates, Inc. and Land Design/Research, Inc. is GRANTED and they are hereby DISMISSED as parties to this action.

Defendant Michael Kay, Executive Director, of the Portsmouth Redevelopment and Housing Authority included in his answer to plaintiffs' complaint a motion to dismiss. Defendant Kay was referred to as a party in the title of the action and identified in the complaint as a defendant, having the duty of reviewing the central Portsmouth priority plan. Plaintiffs failed, however, to allege that Kay significantly participated in the City's discriminatory redevelopment plan. Without such allegations or supporting facts, it is difficult, if not impossible, to find that a claim against Kay is appropriate for the alleged discriminatory adoption of the City's redevelopment plan. Therefore, Kay's motion to dismiss him as a party to plaintiffs' complaint is GRANTED.

Defendant James Greiner, Director of the Department of Recreation for the City of Portsmouth, filed a similar motion to dismiss. Plaintiffs, in their complaint, refer to Greiner in the title to their action but neglect to make any other reference to him in the pleadings. Following the Court's reasoning in *Jackson v. Nelson*, 405 F.2d 872, *supra*, plaintiffs' complaint failed to make sufficient allegations against the defendant Greiner to sustain a cause of action against him. Therefore, defendant's motion to dismiss is GRANTED and he is hereby DISMISSED as a party to this action.

The City of Portsmouth on behalf of the Portsmouth Economic Development Department and the Portsmouth Planning Commission filed a motion to dismiss on the ground that neither agency has the capacity to be sued. Under Rule 17(a), Federal Rules of Civil Procedure, the capacity to be sued, where the party is not an individual or a corporation, must be determined by the law of the state. The municipal corporation has the authority under state law to establish the Department of Economic Development and determine its powers and duties. Therefore, we agree with defendants that since the City Code does not bestow the capacity to be sued upon the Department of Economic Development, that body is not a proper defendant in this matter.

The Planning Commission of the City of Portsmouth was created by Section 15.1–427 of the Code of Virginia. The Commission's function is primarily advisory, and has not been given the capacity to be sued by either state or local mandate. Therefore, the motion to dismiss on behalf of the Department of Economic Development and the Planning Commission of the City of Portsmouth is GRANTED and each are hereby DISMISSED as parties to plaintiffs' action.

The remaining defendants are the City of Portsmouth, the Portsmouth Mayor, Vice-Mayor and City Council members.

A motion to dismiss these parties was made in the City's answer to the complaint. The complaint alleges that these parties have violated the plaintiffs' civil rights by excluding blacks from participating in City government programs. Specifically, plaintiffs challenge the City's Urban Enterprise Zone Program which was designed to encourage redevelopment within the City.

Plaintiffs' allegation that the City adopted discriminatory redevelopment plans may state a cognizable claim and defendants' motion to dismiss the claim is DENIED as it pertains to the City of Portsmouth.[2]

■ The participation of the Mayor, Vice-Mayor, and Council members in the decision to adopt a specific redevelopment plan is within the realm of their legislative function. The Supreme Court has firmly established that "State legislators enjoy common-law immunity from liability for their legislative acts, and immunity that is similar in origin and rationale to that accorded Congressmen under the Speech and Debate Clause..." *Supreme Court of Virginia v. Consumers Union of the United States, Inc.*, 446 U.S. 719, 732, 100 S.Ct. 1967, 1974, 64 L.Ed.2d 641 (1980). Earlier in *Lake Country Estates, Inc. v. Tahoe Regional Planning Authority, (TRPA)*, 440 U.S. 391, 405, 99 S.Ct. 1171, 1179, 59 L.Ed.2d 401 (1979), in a § 1983 action the Court held that it was not proper for a court to inquire into motives of legislators; that TRPA was acting in a legislative capacity when it adopted a land use ordinance; and that "federal claims do not encompass the recovery of damages from the members of TRPA acting in a legislative capacity." For other cases holding it applies in civil rights actions brought under 42 U.S.C. § 1983, see *Tenney v. Brandhove*, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed.2d 1019 (1951); *Star Distributors, Ltd. v. Marino*, 613 F.2d 4 (2d Cir.1980). Legislative immunity has been applied to County Council members who voted to enact an amendment to existing county zoning ordinances. In *Bruce v. Riddle*, 464 F.Supp. 745 (D.S.C.1979), *affirmed* 631 F.2d 272 (4th Cir.1980), the Court found that a County Council member, "is fully entitled to all of the safeguards and immunities which the common law traditionally has provided to forestall interference with the legislative functions of government." *Id.* at 746.

The decision of the Mayor, Vice-Mayor and City Council members to adopt certain redevelopment programs is part of their legislative function, which entitles them to immunity. Therefore, plaintiffs' action against the defendants could only result in liability, if any, against the City, and not personally against the members of the City Council, Mayor and Vice-Mayor. They are therefore DISMISSED as parties to this action.

### IV.

■ Plaintiffs made a request for injunctive relief both in their complaint and in their reply to defendants' motion for summary judgment. Plaintiffs have not presented any facts or other supporting materials beyond their pleadings to justify consideration of their request for preliminary injunctive relief. With the allegations being challenged, sufficient cause for injunction has not been shown. Plaintiffs' request for preliminary injunctive relief is DENIED.

### V.

On October 17, 1983 plaintiffs filed a motion for summary judgment against defendants. No affidavits or other responsive materials were filed supporting their motion. On November 4, 1983 plaintiffs sought a default judgment against defendants for failure to respond to their motion for summary judgment. Responses have been filed.

■ Motions for summary judgment are reserved for causes in which there is no genuine issue of any material fact. In the absence of affidavits and other supporting

---

**2.** While there may be a question as to whether the City may be liable for damages in this ac-

tion, it is wise to await further development.

materials, plaintiffs have not demonstrated their entitlement for summary judgment. Plaintiffs' motion for summary judgment is DENIED, and, accordingly, we find no cause to enter a default judgment against defendants.

### VI.

Plaintiffs have asked this Court for leave to amend their pleadings. It is a right which should be liberally granted. Fed.R.Civ.P. 15(a). Plaintiffs' amended cause of action seeks to join additional plaintiffs and defendants, claiming that these plaintiffs were denied emergency public housing and public assistance because of their removal from rental housing and the unavailability of emergency public housing. Plaintiffs assert unspecified violations of such person's civil rights.

Such claims are fundamentally different from the claims alleged in plaintiffs' original complaint. Plaintiffs are asking the Court to consider new parties with separate claims for violations of City housing ordinances. First, plaintiffs do not claim to fall within such a class, and may not represent them. Secondly, the claim is entirely different from the plaintiffs' claims. The motion to amend is therefore DENIED.