**Raymond WOODS, Jr., Plaintiff,**

v.

**PRINCETON PACKAGING, INC.; Ken Bridgewater; Michael Hansen; Graphic Communications, Local 747/Printing Specialties, Local Union 380, Defendants.**

### No. C86–1091D.

United States District Court,
W.D. Washington.

Feb. 24, 1987.

Beverly Johnson, Tacoma, Wash., for plaintiff.

Frederick Rasmussen, Riddell, Williams, Bullitt, Seattle, Wash., for defendants.

Richard H. Robblee, Hafer, Price, Rinehart & Schwerin, Seattle, Wash., for defendants Local 747 & 380.

## ORDER

DIMMICK, District Judge.

Defendants Princeton Packaging, Inc., Ken Bridgewater and Michael Hansen (hereinafter "Princeton Packaging") seek partial dismissal of plaintiff's First Amended Complaint for failure to allege that defendants engaged in any form of state action, and for this reason the complaint fails to state any claim under 42 U.S.C. § 1983. Defendants also request that sanctions be imposed on plaintiff's counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure for failure to engage in a reasonable inquiry and investigation into the pertinent law and facts underlying the section 1983 claim. Plaintiff's section 1983 claim is dismissed, and sanctions are imposed on plaintiff's counsel.

## BACKGROUND

Plaintiff Woods is a black male residing at Renton, Washington and is presently employed by defendant Princeton Packaging. Princeton Packaging is a Washington corporation and defendants Ken Bridgewater and Michael Hansen are male individuals employed at Princeton Packaging as supervisors. Woods alleges that the defendants discriminated against him in his employment on the basis of race in violation of the Civil Rights Acts of 1866 and 1964 (42 U.S.C. §§ 1981, 1983 & 2000e, *et seq.*) Pendent state claims are also raised. Woods filed discrimination complaints against Princeton Packaging with the EEOC on March 5, 1986 and received a Notice of Right to Sue on July 23, 1986. Woods filed a complaint with this Court on July 30, 1986, then moved to amend the complaint to add defendant Graphic Communications Union Local 747/Printing Specialties, Local Union 380. This Court granted the motion, and plaintiff's First Amended Complaint was filed on the same day.

Although Woods alleges that Princeton Packaging is receiving federal contracts from federal agencies, nowhere in his original or First Amended Complaint does he allege that any of the defendants acted under color of state law or authority. Nor does Woods allege any facts from which this Court could infer that Princeton Packaging acted under color of state law or authority. In his memorandum in opposition to the present motion, Woods states:

"Plaintiff specifically alleged that Defendant Princeton Packaging had contracts with the State of Washington." Nowhere in the Woods' complaint, however, is it stated that Princeton Packaging has "contracts with the State of Washington." The only allegations of any government authority in plaintiff Woods' complaint is that Princeton Packaging receives federal contracts from federal agencies and that defendants Princeton Packaging acted "under color of law."

## ANALYSIS

### A. Sufficiency of the Allegations Under Plaintiffs Section 1983 Claim.

■ Pursuant to Fed.R.Civ.P. 12(b)(6), Princeton Packaging moves to dismiss Woods' section 1983 claim for failure to state a claim upon which relief can be granted. For purposes of a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to plaintiff and the allegations are taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *Dodd v. Spokane County*, 393 F.2d 330, 334 (9th Cir.1968). The Court's inquiry is directed to whether the allegations constitute a statement of a claim under Fed.R.Civ.P. 8(a). Rule 8(a) provides that:

A pleading which sets forth a claim for relief ... shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief....

Although the pleading requirements of Rule 8(a) are very liberal, more detail is required than the bald statement by plaintiff that he has a valid claim against defendant. *Jackson v. Nelson*, 405 F.2d 872, 873–74 (9th Cir.1968). To raise a claim under section 1983, a plaintiff must allege facts which show (1) that the defendants acted under color of state law or authority, and (2) that the defendants deprived the plaintiff of a right, privilege or immunity secured by the Constitution and the laws of the United States. *Rendell-Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 358, 95 S.Ct. 449, 457, 42 L.Ed.2d 477 (1974). Failure to plead or allege any state action or involve-

ment is, by itself, fatal to a section 1983 claim. *Rivera v. Green*, 775 F.2d 1381, 1384 (9th Cir.1985), *cert. denied*, — U.S. ——, 106 S.Ct. 1656, 90 L.Ed.2d 198 (1986); *Sykes v. State of California (Dept. of Motor Vehicles)*, 497 F.2d 197, 200 (9th Cir. 1974).

■ Section 1983 does not apply to a private employer unless the private employer's conduct is fairly attributable to the State or unless he is a willful participant in joint activity with the State or its agents. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 941, 102 S.Ct. 2744, 2753, 2755, 73 L.Ed.2d 482 (1982). To resolve the issue of state action, "the inquiry must be whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974). *See also Rendell-Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982).

■ Woods has alleged no facts which are fairly attributable to the State. Woods has only alleged that Princeton Packaging receives some federal contracts. The allegations that Princeton Packaging receives federal contracts does not state a cause of action under section 1983. Woods may have mistakenly alleged that Princeton Packaging is receiving federal contracts but intended to allege contracts with the State of Washington. Even if Princeton Packaging is receiving state contracts however, contracts without more will not satisfy the requirements for state action. *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477; *Rendell-Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418. Because Woods' complaint fails to allege that he has been deprived of constitutionally protected rights as a result of state action or under color of state law, Woods' section 1983 claim is dismissed against defendants Princeton Packaging, Ken Bridgewater and Michael Hansen.

## B. Imposing Sanctions Under Rule 11.

 Defendants request this Court to impose sanctions against the plaintiff for making a frivolous section 1983 claim. Sanctions may be imposed for the filing of frivolous pleadings or motions under Fed. R.Civ.P. 11 which provides:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated.... The signature of an attorney ... constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the Court, upon motion or upon its own initiative shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

The Ninth Circuit recently adopted a new standard against which violations of the amended rule are to be tested. *Zaldivar v. City of Los Angeles*, 780 F.2d 823 (9th Cir.1986). In *Zaldivar*, the court rejected the former objective standard of "willfulness" in favor of an objective standard of "reasonableness." In applying the new standard, the court held that sanctions under Rule 11 "shall be assessed if the paper filed in district court and signed by an attorney or an unrepresented party is frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith." *Id.* at 831. In another recent decision by the Ninth Circuit, the court held that Rule 11 does not apply to the making of a "frivolous argument," and permits sanctions only when the "pleading, motion, or other paper" itself is frivolous. *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531 (9th Cir.1986). Thus the Ninth Circuit would not consider sanctions appropriate where one claim in a complaint is unreasonable, but other claims are valid.

The court has wide discretion in determining the appropriateness of sanctions and the sanctions to be imposed. *Golden Eagle*, 801 F.2d at 1538. The circumstances in the present case are especially appropriate for imposing sanctions. This particular counsel knows or reasonably should know that allegations of federal contracts, without more does not constitute state action. The Court is not imposing sanctions in this case, however, merely because a frivolous section 1983 claim was raised in an otherwise valid complaint. Rather, sanctions are being imposed against plaintiff's counsel for submitting a frivolous memorandum in opposition to defendants' motion wherein she states that "Plaintiff's counsel formed her belief regarding this Cause of Action, after reasonable inquiry into the facts and law underlying this claim," and wherein she states "On the contrary, Plaintiff specifically alleged that Defendant Princeton Packaging had contracts with the State of Washington." These statements were made recklessly and in the absence of good faith. At the very least a reasonable attorney would have read the First Amended Complaint after being alerted to a potential oversight therein by defendants' motion to dismiss. A reasonable person would then request leave to amend the complaint in order to allege facts sufficient to state an action under section 1983 or withdraw the claim if it lacks merit. Instead, plaintiff's counsel failed to fulfill that minimum standard required of all attorneys: to inquire into and investigate the facts, and read the pleadings before certifying them with her signature. Rule 11 prescribes the means for ensuring compliance with the minimum standard of conduct. Accordingly, sanctions are imposed on plaintiff's counsel in

the amount of $100 to be paid to defendants' counsel.

**CONCLUSION**

Defendants' motion to dismiss the plaintiff's claims under 42 U.S.C. § 1983 for failure to allege state action is GRANTED. The motion for sanctions is also GRANTED. Plaintiff's counsel is directed to pay $100 to defendants' counsel within thirty (30) days from the date of this Order.

The Clerk of the Court is instructed to send a copy of this Order to all counsel of record.