Arthur R. SIMMONS, Plaintiff,

v.

Preston R. TISCH, Postmaster General, Defendant.

Civ. A. No. 87–466–N.

United States District Court, E.D. Virginia, Norfolk Division.

March 17, 1988.

See also 731 F.Supp. 1289.

---

James A. Winstead, Winstead, Jones & Associates, Norfolk, Va., for plaintiff.

Maura A. Johnston, Asst. Regional Labor Counsel, Office of Field Legal Services, U.S. Postal Service, Philadelphia, Pa., and John F. Kane, Asst. U.S. Atty., E.D. Va., Norfolk, Va., for defendant.

## ORDER

CLARKE, District Judge.

This matter comes before the Court on defendant's Motion for Summary Judgment. Plaintiff filed this suit on July 23, 1987 alleging that he had been discriminatorily denied opportunities to qualify for a promotion because of his race (black). Plaintiff is employed by the United States Postal Service (USPS) and requests declaratory and injunctive relief and damages pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Defendant filed an Answer to the Complaint on September 28, 1987. Defendant filed this Motion for Summary Judgment on February 11, 1988. To date, there has been no response from plaintiff. Whereas the time for filing an opposing motion has passed, and plaintiff has not responded to defendant's Motion in any way, this Court will address the Motion based on the information available.

In his Complaint, plaintiff alleges that defendant discriminates by using "unannounced privately administered tests given to white maintenance department employees so as to enable them to be placed on the Maintenance Craft promotional eligibility register thereby effectively assuring them of promotion to the position of electronics technician ahead of blacks and other minority non maintenance [sic] employees." The Complaint includes no facts to support or explain this conclusion, so this Court must rely on plaintiff's underlying EEOC claim and the accompanying records, to discern the specifics of this action. Apparently, plaintiff took a test called the Electronics Technician's examination on May 27, 1982. At that time, plaintiff was employed with USPS as a Self–Service Postal Unit Technician which is classified as a Clerk Craft. Plaintiff passed the exam and was placed on a Non–Maintenance Register for the Electronics Technician position. Plaintiff's EEOC affidavit reveals that he observed the name of Ms. Gretchen Turner on the Promotion Eligibility Register for Electronics Technician and since he had not seen her during the administration of the test, he became curious. He claims that he was then informed by other employees that Maintenance Craft employees were given unannounced, privately administered tests so that they would be promoted. It is this alleged practice that plaintiff claims is discriminatory.

Defendant argues that plaintiff's allegations reveal a basic misunderstanding of the promotion process. The record supports defendant's view. Promotions to the positions relevant to this action are governed by the national collective bargaining agreement between the USPS and the America Postal Workers Union. Article 38 Section 2c of the agreement governs promotions in the Maintenance Craft as well as the establishment of Promotion Eligibility Registers (PERs). According to the agreement, only maintenance employees are placed on the PERs. All non-maintenance employees are put on another list called a Register. Qualified Maintenance Craft employees (those listed on the appropriate PER) are guaranteed promotion to the Maintenance Craft position of Electron-

ics Technician ahead of Non–Maintenance Craft employees, according to the collective bargaining agreement.

The contents of the file include the affidavit of Michael Payne, Acting Manager of Labor Relations for the Norfolk, Virginia USPS, the affidavit of William Brown, Manager, EEO Complaints Processing, Richmond USPS, and the administrative file of the EEOC complaint underlying this action. The administrative file contains relevant sections of the labor agreement, plaintiff's EEOC complaint, and the complete results of the EEOC investigation. These materials establish that USPS employees in Norfolk who were employed in Maintenance Craft positions were placed on the Electronics Technician PER and given priority over non-maintenance employees, as dictated by the labor agreement. The non-maintenance employees were placed on a Register.

Ms. Turner, the individual mentioned in plaintiff's EEOC complaint was, at the time she took the test, in a Maintenance Craft position and therefore placed on the PER for Electronics Technician. For this reason, she was promoted ahead of plaintiff, who was not in a Maintenance Craft position at that time. In fact, in July 1985, plaintiff was promoted to an Electronics Technician position, but only after he obtained another Maintenance Craft position and thus became eligible for the Electronics Technician PER.

■ In his Complaint, plaintiff alleges a cause of action under 42 U.S.C. § 1981. However, it is well-settled that the exclusive remedy for alleged racial discrimination in federal employment lies in Title VII of the Civil Rights Act of 1964. *Brown v. General Services Admin.*, 425 U.S. 820, 824–35, 96 S.Ct. 1961, 1963–69, 48 L.Ed.2d 402 (1976). Accordingly, plaintiff's Section 1981 claim must fail.

■ In a Title VII action, the plaintiff must initially establish a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 800, 93 S.Ct. 1817, 1823, 36 L.Ed.2d 668 (1973). The burden then shifts to the defendant to articulate a legitimate, nondiscriminatory rea-

son for the challenged action. *McDonnell Douglas,* 411 U.S. at 804, 93 S.Ct. at 1825. The burden then shifts back to the plaintiff to prove by a preponderance of the evidence that the legitimate reason proffered by the employer is merely pretextual. *Furnco Const. Corp. v. Waters,* 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978).

■ Assuming *arguendo* that plaintiff has made out a *prima facie* case of discrimination in the instant action, plaintiff still cannot survive defendant's Motion for Summary Judgment. Federal Rule of Civil Procedure 56(e) provides as follows:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

As the court in *Davis v. City of Portsmouth,* 579 F.Supp. 1205 (E.D.Va.1983) noted, "Once evidence has been submitted by the movant in a motion for summary judgment, it is the responsibility of the opposing party to introduce its own evidentiary material to the contrary." *Id.* at 1209, *citing Delong Corp. v. Raymond International Inc.,* 622 F.2d 1135 (3d Cir. 1980). *See also, Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In *Davis,* plaintiffs responded to defendants' motion for summary judgment but did not include supporting affidavits or other responsive material. They relied on the allegations in their pleadings and did not, as required by the rule, address defendants' denials of discriminatory conduct. The court granted defendants' summary judgment motion. *Davis,* 579 F.Supp. at 1209.

The Fourth Circuit concurs in this interpretation of Federal Rule of Civil Procedure 56(e). *See e.g. Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp.,* 828 F.2d 211, 216 (4th Cir.1987); *Kipps v.*

*Ewell*, 538 F.2d 564 (4th Cir.1976) (the court dismissed plaintiff's Section 1983 action because the nonmoving party offered no specific averments showing a genuine issue for trial); *Foy v. Norfolk and Western Ry. Co.*, 377 F.2d 243, 246 (4th Cir. 1967) ("Thus, under rule 56(e), once the Brotherhood had offered its motion, accompanied by affidavits which answered the plaintiff's allegations regarding his reasons for not resorting to his intra-union remedies, plaintiff was required to offer counter-affidavits, depositions or answers to interrogatories sufficient to show the existence of a dispute as to a material fact or have his bare allegations disregarded").

In the instant case, defendant has supported his Motion and arguments by submitting a brief and accompanying exhibits and declarations. These materials establish, to the satisfaction of this Court, that defendant's actions in administering the Electronics Technician examination and promoting employees to the position of Electronics Technician, were nondiscriminatory.

Plaintiff, who has not responded to defendant's Motion, has failed to carry his burden of showing that a genuine issue for trial exists. There simply is no evidence before this Court indicating that defendant engaged in intentional discrimination or that defendant's explanation of the challenged testing and promotion procedures is pretextual.

Therefore, in accordance with the above discussion, this Court GRANTS defendant's Motion for Summary Judgment.

IT IS SO ORDERED.

See also, 731 F.Supp. 1286.