## CIRCUIT COURT OF FAIRFAX COUNTY

Mid-Atlantic Telecom, Inc.

v.

Long Distance Services, Inc.

September 22, 1993

Case No. (Law) 123852

By Judge Michael P. McWeeny

This matter is before the Court on Defendant's Demurrer to the Motion for Judgment and Plea in Bar to the Statute of Limitations. After hearing oral argument, the Court took the case under advisement. The Court has now had the opportunity to review the briefs submitted and the authorities cited. For the reasons set forth below, the Demurrer is sustained and the Plea in Bar is granted in part and denied in part.

### I. *Demurrer*

A demurrer tests whether the plaintiff's pleading states a cause of action upon which relief can be granted. Va. Code Ann. § 8.01–273(A) (Michie Supp. 1993).

#### A. *Tortious Interference*

Defendant first demurs to Count I on the ground that plaintiff has failed to allege a cause of action for tortious interference with contrac-

tual relations. In deciding whether the allegations presented are sufficient, it is necessary to first determine which state's law will apply.

In resolving conflicts of laws, the settled rule in Virginia is that the substantive rights of the parties in a multistate tort action are governed by the law of the place of the wrong, or *lex loci delicti. McMillan v. McMillan*, 219 Va. 1127, 1128, 253 S.E.2d 662, 663–64 (1979). The place of the "wrong" for the purposes of *lex loci delicti* is defined as, "the place where the last event necessary to make an act liable for an alleged tort takes place." *Quillen v. Int'l Playtex, Inc.*, 789 F.2d 1041, 1044 (4th Cir. 1986). The last act giving rise to the cause of action will often be where the injury has occurred, such as with automobile accidents. *See McMillan*, 219 Va. at 1128, 253 S.E.2d at 663.

The relevant standard, however, is where the last act occurred and is not necessarily measured by the injury. For instance, in *Ins. Co. of North America, Inc. v. U. S. Gypsum Co., Inc.*, 639 F. Supp. 1246, 1249 (W.D. Va. 1986), the court held that "the last event necessary to make USG [the insured] liable for fraud and misrepresentation occurred in Virginia," which was the state where the alleged fraud and misrepresentation occurred. *Id.* at 1248–49. Similarly, in the facts of the case presented to the court, the allegedly wrongful acts of the defendants emanated from Virginia. Any promotion of false rates, or other fraudulent acts, flowed from the company's principal place of business in Tyson's Corner, Virginia. Because Virginia is the locus for any wrongful acts which may have occurred, Virginia substantive law regarding tortious interference should apply.

Turning next to the elements of the tort, in order to state a cause of action for tortious interference under Virginia law, it is necessary to allege that a business relationship existed, defendant's knowledge of the business relationship, that the business relationship would have continued had it not been for the interference, and damage. *Glass v. Glass*, 228 Va. 39, 51–52, 321 S.E.2d 69, 77 (1984). Pursuant to Virginia law it is also necessary to show intent if the contract at issue is terminable at will. *See Duggin v. Adams*, 234 Va. 221, 226–27, 360 S.E.2d 832, 836 (1987). It is therefore necessary for Mid-Atlantic to assert factual allegations that contractual rights exist with which the Defendants have allegedly interfered before the cause of action has been adequately pleaded. Mid-Atlantic has failed to allege particular contracts, and therefore the Defendants' Demurrer as to tortious interference with contractual relations is sustained with leave to amend.

In granting leave to amend, the Court further directs that any extraneous allegations relating to the posture in which this matter was originally filed in federal court should be removed. The particular factual allegations supporting the claim for tortious interference should be clearly presented.

### B.  *Unfair Competition*

Virginia law likewise controls whether a cause of action for common law unfair competition has been alleged. Virginia law recognizes only a very limited cause of action for unfair competition. *See Benjamin T. Crump Co. v. J. L. Lindsay, Inc.*, 130 Va. 144, 160, 107 S.E. 679, 686 (1921). Virginia does not recognize false advertising as a form of common law unfair competition. *Id.* at p. 165, 107 S.E. at 686.

It is settled that "Virginia continues to adhere to a narrow, sharply defined common law definition of unfair competition, i.e., deception, by means of which goods of one dealer are palmed off as those of another," *Monoflo Int'l, Inc. v. Sahm*, 726 F. Supp. 121, 127 (E.D. Va. 1989), *citing Benjamin T. Crump Co. v. J. L. Lindsay, Inc.*, 130 Va. 144, 160, 107 S.E. 679, 684 (1921). In *Monoflo*, the plaintiff attempted to assert a common law claim of unfair competition on the basis of an alleged misrepresentation, and the claim was denied. *Monoflo*, 726 F. Supp. at 127.

The federal court, interpreting Virginia law, held that Virginia's narrow definition of common law unfair competition precluded recovery for damages stemming from deceptive trade practices. *Id.*; *see also Unlimited Screw Products, Inc. v. Malm*, 781 F. Supp. 1121, 1125–26 (E.D. Va. 1991) (Federal Lanham Act prohibiting deceptive advertising practices more analogous to Virginia law of fraud than Virginia law on unfair competition). As in *Monoflo*, the alleged misrepresentations asserted by Mid-Atlantic in the case at hand cannot serve as the basis for a common-law claim within Virginia's narrow definition of unfair competition. Therefore, the Defendant's Demurrer regarding unfair competition is sustained.

Plaintiff further requests leave to amend based on a private right of action derived from Va. Code Ann. § 59.1–68.3 (Michie 1992) and Va. Code Ann. § 18.2–216 (Michie Supp. 1993), dealing with deceptive advertising. Virginia Code § 8.01–6 provides that leave to amend should be liberally granted. The amendment will be permitted if it is still timely based upon when the cause of action accrued. *Cf. Mal-*

*donado v. Nutri/System, Inc.*, 776 F. Supp. 278 (E.D. Va. 1991) (claim for a civil cause of action based upon deceptive advertising statutes survived defendant's motion to dismiss).

A new claim does not relate back to the original filing date. *See e.g., Vines v. Branch*, 244 Va. 185, 418 S.E.2d 890 (1992). Plaintiff originally stated a claim for *common law* unfair competition. Amending the pleading based upon a statute would therefore state a new cause of action. The new claim will be deemed filed when the amendment is lodged and not at the earlier date when the action was first filed. While the Court grants leave to amend to meet the requirement for a common law claim of unfair competition should counsel be so advised, the motion to add a cause of action which is clearly time-barred is denied.

## II. *Plea in Bar*

A decision on Defendant's Plea in Bar to the Statute of Limitations likewise turns on a determination of which jurisdiction's law will apply. Because it has already been determined that Virginia substantive law applies, it is unnecessary to determine whether the statute of limitations is substantive or procedural. Even if Virginia substantive law did not apply, Virginia law would still apply to determine the relevant limitations period. Virginia courts consider statutes of limitation to be procedural matters, and Virginia applies the principal of *lex fori* to procedural matters. *Frye v. Commonwealth*, 231 Va. 370, 372, 345 S.E.2d 267, 271 (1986); *Clark v. Clark*, 11 Va. App. 286, 291, 398 S.E.2d 82, 89 (1990). The limitations periods under Virginia law will apply.

### A. *Tortious Interference*

The Court holds that a five-year period of limitations applies to actions for tortious interference with contractual relations under Virginia law. *See Worrie v. Boze*, 198 Va. 533, 95 S.E.2d 192 (1956). In the context of conspiracy to breach contractual relations, the Virginia Supreme Court stated in *Worrie* that, "the right to performance of a contract and the right to reap profits therefrom are property rights . . . ." *Id.* at p. 536, 95 S.E.2d at 196 and applied the five-year statute of limitations; *see also Chaves v. Johnson*, 230 Va. 112, 120, 335 S.E.2d 97, 102 (1985) (the right to performance of a contract is a property right entitled to protection in the courts); *Welch v. Kennedy Piggly Wiggly Stores, Inc.*, 63 Bankr. Rptr. 888, 898 (W.D. Va. 1986)

(interference with prospective economic opportunity and/or contractual relationship is governed by Virginia's five year limitations since it is an action for damages to one's property and business).

Applying the five-year period of limitations, any acts that occurred prior to April 9, 1987, are time-barred.[1] In stating a cause of action for tortious interference with contractual relations, it is, by definition, necessary to interfere with particular contracts. Each act of interference must be considered a separate act. *See* 12A Michie's Jurisprudence, *Limitation of Actions*, § 23 (1989). Plaintiff is thereby precluded from pursuing a cause of action based upon acts that took place more than five years ago. *See* Va. Code § 8.01–230 ("limitation period shall begin to run from the date the injury is sustained").

In addition, a cause of action accrues under Virginia law when it is discovered in only very limited circumstances. While a cause of action for fraud accrues from the time of discovery, it is an exception to the general rule and is specifically provided for by statute. Virginia Code § 8.01–249. No similar statutory exception exists for tortious interference with contractual relations, and the discovery rule cannot be invoked to encompass acts occurring prior to April 9, 1987.

The reasoning of the Western District Court of Virginia in *Unlimited Screw Products, Inc. v. Malm*, 781 F. Supp. 1121, 1125-26 (E.D. Va. 1991), cited by the Defendants, is not persuasive in the matter at hand. Even though the actions allegedly taken in the case at hand are based in fraud, a cause of action for fraud has not been alleged. The relevant limitations period for tortious interference with contract as determined by the Virginia courts, rather than fraud, is therefore controlling.

The Defendants also cite *Brown v. Am. Broadcasting Co., Inc.*, 704 F.2d 1296, 1303–04 (4th Cir. 1983), for the proposition that injury to reputation of business thereby leading to lost profits is directed at the "person" of the corporation, rather than its property. As a personal injury rather than injury to property, a two year limitations period is argued to apply. *Id.* The courts' reasoning in *Brown* and *Unlimited Screw Products* is, however, based upon the federal court's application of the facts of the case before it to Virginia's cause of action for fraud,

---

[1] The April 9, 1987, date was obtained by counting backwards for five years or 1,827 days (5 x 365 days/year + 2 days to account for leap years). The starting date used is May 14, 1993, the filing date of the present action, and excluding the 399 days between February 5, 1992, and March 10, 1993, when this matter was pending in federal court.

rather than tortious interference with contractual relations. *See Unlimited Screw Products*, 781 F. Supp. at p. 1127–28. The five-year period of limitations used by the Virginia Supreme Court in *Worrie v. Boze*, 198 Va. at 536, 95 S.E.2d at 196, and *Chaves v. Johnson*, 230 Va. at 120, 335 S.E.2d at 102, on the other hand, is directly applicable and is therefore controlling.

### B.  *Unfair Competition*

The Court holds that the period of limitation for unfair competition claims in Virginia is five years. *See Hoey v. Dexel Sys. Corp.*, 716 F. Supp. 222, 224 (E.D. Va. 1989). Similar to the analysis presented above with regard to tortious interference, this court finds unpersuasive the argument for a two year period of limitation presented in *Unlimited Screw Products, Inc. v. Malm*, 781 F. Supp. 1121, 1125–26 (E.D. Va. 1991). Accordingly, any amendment to Plaintiff's claim of common law unfair competition is time-barred as to any act five years prior to the filing of the original action. It is again noted that any amendment by plaintiff based in statute rather than common law would not relate back to the time of filing of the original action.

In light of the foregoing rulings, the Plaintiff is granted leave to amend Counts I and II (should it so choose) within twenty-one days of the entry of the Order.