**PBM PRODUCTS, INC., Plaintiff,**

v.

**MEAD JOHNSON & COMPANY,**
**Defendant.**

**No. 3:01CV199.**

United States District Court,
E.D. Virginia,
Richmond Division.

Oct. 25, 2001.

Paul Geoffrey Gill, Office of Public Defender, Richmond, VA, Charles Michael Sims, LeClair Ryan, Richmond, VA, Robert Francis Redmond, Jr., LeClair Ryan, Richmond, VA, David Gregory Greene, Lord, Bissell & Brook, Atlanta, GA, Eric Peter Schoonveld, Terrence Patrick Canade, Lord, Bissell & Brook, Chicago, IL, Corliss Scroggins Lawson, Lord, Bissell & Brook, Atlanta, GA, for plaintiff.

John Gary Maynard, III, Hunton & Williams, Richmond, VA, Stephen Patrick Demm, Hunton & Williams, Richmond, VA, John Lyons Marshall, Jr., McSweeney & Crump, PC, Richmond, VA, Betty S.W. Graumlick, McSweeney & Crump, Richmond, VA, Robert Stephen Bennett, Skadden, Arps, Slate, Meagher & Flom, Washington, DC, Constance S. Huttner, Skadden, Arps, Slate, Meagher & Flom, New York City, Carl Stephen Rauh, Skadden, Arps, Slate, Meagher & Flom, Washington, DC, Michael Christian Whitticar, Hunton & Williams, Richmond, VA, Behnam Dayanim, Paul Hastings Janofsky & Walker, Washington, DC, Patrick Shoulders, Ziemer, Stayman, Weitzel & Shoulders, LLP, Evansville, IN, Stephanie Joy Kamerow, Kenneth Alan Plevan, Skadden, Arps, Slate, Meagher & Flom LLP, New York City, for defendant.

## MEMORANDUM OPINION

SPENCER, District Judge.

This matter comes before the Court on Defendant Mead Johnson & Company's Motion to Dismiss or Strike Certain Claims Asserted in the Complaint, filed on September 12, 2001. Defendant Mead Johnson & Company ("Mead") filed a motion to dismiss or strike certain claims pursuant to Rules 12(c) and 12(f) of the Federal Rules of Civil Procedure. Mead seeks to dismiss the non-Virginia state law claims, claims for punitive damages in excess of $250,000, and deceptive trade practices and unfair competition claims of Plaintiff PBM Products, Inc. ("PBM").

For the reasons discussed in the following memorandum, Defendant's Motion is GRANTED.

### I.

Mead and PBM are competitors in the infant formula industry. PBM specializes in "store" brands (i.e., Wal-Mart formula, Kroger). When PBM started selling infant formula in 1997, private label infant formula had not previously been sold. During Plaintiff's first year of operations in 1998, its net sales were roughly $15 million and its net profits were $2.7 million. In 1999 its net sales were $28.8 million and its net profits $4.6 million. In 2000, its net sales were $52.5 million and its net profits $7.9 million. Plaintiff's net sales for 2001 (through July 31, 2001) were $44.4 million; estimates for the current year indicate net sales at $80–$85 million. PBM's current market share is approximately 3% of the $3.1 billion infant formula industry.

Mead sells formula under the Enfamil brand name, and along with Abbott Laboratories, controls $2.9 billion of the infant formula market. Plaintiff's company is minuscule in comparison to Mead Johnson and Abbott Laboratories, but is one of the fastest growing companies in the industry.

In its Complaint, Plaintiff alleged that Mead Johnson started an advertising campaign that falsely and unfairly claimed that the private label infant formulas fell short of recommended levels for calcium and folic acid. This Court entered an Order on April 5, 2001 enjoining Mead from making false claims regarding Plaintiff's products and requiring Mead to withdraw all publications that contained the false claims. In its Order, this Court acknowledged PBM's likelihood of success on the merits of its Complaint.

PBM seeks to recover "all of the relief to which it is entitled under [the Lanham Act] and pursuant to the statutory or common laws of Virginia and of the various other states which Mead Johnson has violated..." (Complaint 8.) Defendant objects to several aspects of PBM's prayer for relief. Each of these objections will be addressed in turn.

## II.

■ Defendant moves for dismissal or that certain claims be stricken pursuant to Rules 12(c) and 12(f) of the Federal Rules of Civil Procedure. Rule 12(f) provides that "[u]pon motion made by a party before responding to a pleading...the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Rule 12(c) states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for a judgment on the pleadings." FED. R. CIV. P. 12(c). However, if the motion contemplates matters outside the pleadings, the motion is to be converted to a motion for summary judgment as described in Rule 56. *Id.*

Defendant's motion to strike is untimely. Plaintiff filed the Complaint on March 29, 2001. Mead filed its first responsive pleading, the Answer, on April 13, 2001.

Pursuant to the provisions of Rule 12(c), Defendant's Motion is a Motion for Summary Judgment, since the Motion contemplates matters outside of the pleadings. Defendant submits the deposition of Paul B. Manning, and the expert report of Walter A. Stosch for the Court's consideration on the matter. Accordingly, the standard of review for summary judgment motions is appropriate.

A motion for summary judgment lies only where "there is no genuine issue as to any material fact" and where the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Haavistola v. Cmty. Fire Co. of Rising Sun, Inc.,* 6 F.3d 211, 214 (4th Cir.1993); *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir.1985). The Court must view the facts and the inferences drawn therefrom in the light most favorable to the party opposing the motion. *Ballinger v. N.C. Agr. Extension Serv.,* 815 F.2d 1001, 1004 (4th Cir.), *cert. denied,* 484 U.S. 897, 108 S.Ct. 232, 98 L.Ed.2d 191 (1987). While viewing the facts in such a manner, the Court looks to the affidavits or other specific facts to determine whether a triable issue exists. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). According to the Fourth Circuit,

> In determining whether summary judgment may be granted, the district court must perform a dual inquiry into the *genuineness* and *materiality* of any purported factual issues. Whether an issue is genuine calls for an examination of the entire record then before the court in the form of pleadings, depositions, answers to interrogatories, admissions on file and affidavits, under Rule 56(c) and (e) . . . . Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice. A trial, after all, is not an entitlement. It exists to resolve what reasonable minds would recognize as real factual disputes.

*Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir.1985) (emphasis original). Summary judgment is not appropriate if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. However, if a motion for summary judgment is "properly supported by affidavits, depositions, or answers to interrogatories, the non-moving party may not rest on mere allegations or denials of the pleadings . . . [but] must respond by affidavits or otherwise and present specific facts demonstrating a triable genuine issue of material fact." *Garrett v. Gilmore,* 926 F.Supp. 554, 555 (W.D.Va.1996), *aff'd,* 103 F.3d 117 (4th Cir. 1996).

## III.

Defendant raises three objections to the Complaint. First, Mead claims that all of PBM's non-Virginia state law claims should be dismissed pursuant to FED. R. CIV. P. 8(a) and 10(b). Second, Mead argues that all of PBM's claims for punitive damages above $350,000 should be stricken. Finally, Mead requests that all of PBM's claims for deceptive trade practices and unfair competition be dismissed. Each of these arguments will be discussed in turn.

## A. Non–Virginia State Law Claims

Mead seeks dismissal of all claims asserted by Plaintiff that arise in any state other than Virginia. Plaintiff argues that dismissal is not warranted because the federal rules do not require a plaintiff to plead state law.

As already mentioned, PBM requests "all of the relief to which it is entitled under [the Lanham Act] *and pursuant to the statutory or common laws of Virginia and* of the various other states which Mead Johnson has violated..." (Complaint 8) (emphasis added). More specifically, PBM seeks to recover an accounting of Mead's profits from its unlawful acts, all of its damages, the costs of bringing the action, and its attorney fees.

Rule 8(a) requires, among other things, a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(3). While the pleading requirements of Rule 8(a) are liberal, "more detail is often required than the bold statement by plaintiff that he has a valid claim of some type against defendant." *Davis v. City of Portsmouth, Va.*, 579 F.Supp. 1205, 1210 (D.C.Va.1983). In fact, the Fourth Circuit held in *Migdal v. Rowe Price–Fleming International, Inc.*, 248 F.3d 321, 327 (4th Cir. 2001), that "the presence of a few conclusory legal terms does not insulate a complaint from dismissal." The claim must give the defendant fair notice of the nature and grounds of the pleader's claim. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ However, Mead was able to respond to Plaintiff's Complaint. It filed its Answer on April 13, 2001. A plaintiff is not required to plead state law in a case where multistate contacts are involved. CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1253 (2d ed.1987). A plaintiff should, as a matter of course, inform the trial court of the law he intends to rely on, since a claimant is required to point out the applicability of a non-forum state's law. *Id.*

■ However, in a motion for judgment on the pleadings, which Defendant also raises, a court must consider whether the moving party is entitled to judgment as a matter of law

based on the pleadings before the court. Plaintiff has pled unfair competition, product disparagement, deceptive trade practices and false advertising under the laws of Virginia and any other state where Defendant disseminated the false advertisements. PBM does not specify the various states in which Mead's false statements were disseminated; instead, it merely alleges that Mead's false advertising campaign was national. The only state mentioned by name in the Complaint, apart from the jurisdictional statement and the description of the parties, is Virginia. Theoretically, then, PBM seeks relief under the laws of all fifty states of the United States. This Court has no ability to determine whether Plaintiff has a legitimate claim under the laws of other states, save analyzing the laws of the forty-nine states of this nation that remain unmentioned by Plaintiff. None of the parties have submitted documents that establish the different states where Mead's conduct took place. Therefore, Plaintiff has not provided a factual basis upon which these various claims can be supported in any state other than Virginia.

## B. Claim for Punitive Damages

Since this Court is precluding Plaintiff from pursuing all claims arising under the laws of a state other than Virginia, then the parties' argument regarding the application of Virginia's statutory punitive damages cap to other state law claims is moot. Plaintiff can only bring state law claims under the laws of Virginia, and therefore, Virginia's limit will apply to any punitive damage award in excess of $350,000. VA. CODE ANN. § 8.01–38.1 (Michie 2000).

## C. Deceptive Trade Practices and Unfair Competition

■ Virginia does not recognize a cause of action for deceptive trade practices. *See Mid–Atlantic Telecom, Inc. v. Long Distance Servs., Inc.*, 32 Va. Cir. 75 (Cir. Ct. Fairfax County 1993) ("The federal court, interpreting Virginia law, held that Virginia's narrow definition of common law unfair competition precluded recovery for damages stemming from deceptive trade practices."). In addition, "Virginia does not recognize false ad-

vertising as a form of common law unfair competition." *Id.* The only claims for unfair competition recognized in Virginia are palming off and misappropriation of another's work. *Wicker Group v. Standard Register Co.*, 1994 WL 761244, 33 U.S.P.Q.2d 1678, 1680, 1994 U.S. Dist. LEXIS 20303 at *10 (E.D.Va. Dec. 2, 1994).

PBM has not alleged that Mead misappropriated its work or engaged in palming off. Accordingly, Defendant's motion for summary judgment on this ground should be GRANTED.

## IV.

For the foregoing reasons, Defendant's motion is GRANTED.