846 F.2d 72
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles S. KENNEDY, Plaintiff-Appellant,
v.
SHENANDOAH VALLEY AIRPORT COMMISSION, Harrison Sylvus Zonge,
Defendants- Appellees,
and
Willard P. Cline, Commissioner, Roy H. Erickson,
Commissioner, Harry R. Byrd, Commissioner, A.
Erskine Sproul, Commissioner, J. Kirk
Snell, Commissioner, Defendants.
 No. 87-1606.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 4, 1988.
Decided April 14, 1988.
 
 Robert Lecky Stone, Jr. (Wood & Stone on brief) for appellant,
 Bruce C. Phillips (Colin J.S. Thomas, Jr., Timberlake, Smith, Thomas & Moses on brief) for appellees.
 Before MURNAGHAN, SPROUSE, and WILKINS, Circuit Judges.
 WILKINS, Circuit Judge:
 
 
 1
 Charles S. Kennedy appeals from the order of a new trial following a verdict in his favor against the Shenandoah Valley Airport Commission (Airport) and Harrison Sylvus Zonge on claims for negligent repair of his airplane engine. He also appeals from the judgment awarding damages on retrial. We reverse and remand for entry of judgment in accordance with the original jury verdict.
 
 I.
 
 2
 In December 1977, Kennedy's airplane was serviced by Zonge, an Airport mechanic. During a flight in August 1979, the left engine exploded. Kennedy safely landed at the Airport facilities where he left the plane for repairs. While repairing the engine, Airport mechanic Charles Hatle discovered that Zonge had negligently repaired the left engine in 1977.
 
 
 3
 When Kennedy was notified in December 1979 that the repairs were complete, he took a commercial flight from his home in Michigan to Virginia to pick up the plane. Kennedy testified that upon testing the repairs in Virginia, the engine malfunctioned during two test flights, but the Airport refused to replace the engine as suggested by Hatle. Although Hatle certified the plane was airworthy, Kennedy refused to fly it and returned to Michigan on a commercial flight.
 
 
 4
 After Hatle further serviced the plane and recertified it as airworthy in February 1980, Kennedy again took a commercial flight to Virginia and picked up the plane. Kennedy testified that the engine malfunctioned during the return flight to Michigan, but he made a safe landing at his intended destination. An agent of the Federal Aviation Administration (FAA) inspected the plane in Michigan and grounded it, ordering that the engine be removed and shipped to the factory. While the grounded plane was tied down at an airport in Michigan, it was damaged by a windstorm. Kennedy restored the plane and sold it in November 1982.
 
 
 5
 Kennedy filed a negligence action in August 1980, seeking $50,000.00 for destruction of the left engine and extreme emotional distress. The key issue in dispute was the amount of damages. Defendants sought to limit the claim for damages to the cost of repair or replacement of the left engine, moving for summary judgment on the claims for emotional distress and property damages arising from the windstorm in Michigan. Kennedy moved to amend the complaint to add a claim for $50,000.00 in punitive damages.
 
 
 6
 The case was first tried in November 1984 before United States District Judge James C. Turk who excluded evidence of emotional distress and refused to charge the jury on punitive damages. However, although not pled, he allowed evidence of a quantum meruit claim for more than $20,000.00 in "stolen" engine time. The jury returned a $35,500.00 verdict for Kennedy. Judge Turk granted Defendants' motion to set aside the verdict as excessive and offered Kennedy a reduced award of $7,500.00 or, in the alternative, a new trial on the issue of damages. Kennedy refused to accept the reduced award and a new trial was ordered.
 
 
 7
 On retrial, United States District Judge James H. Michael, Jr. also excluded evidence of emotional distress and refused to allow Kennedy to amend the complaint to add a claim for punitive damages. He also limited evidence of damages to the claims asserted in the pleadings; thereby precluding evidence on the quantum meruit claim. The jury returned a verdict of $6,000.00 for Kennedy.
 
 II.
 
 8
 A motion for a new trial under Federal Rule of Civil Procedure 59 involves a "comparison of opposing proofs." Ellis v. Int'l Playtex, Inc., 745 F.2d 292, 298 (4th Cir.1984) (quoting Williams v. Nichols, 266 F.2d 389, 393 (4th Cir.1959)). The trial judge may weigh evidence and assess credibility and he must order a new trial if he considers the verdict against the clear weight of the evidence or based upon false evidence, or a new trial is necessary to prevent a miscarriage of justice. Abasiekong v. City of Shelby, 744 F.2d 1055, 1059 (4th Cir.1984).
 
 
 9
 Judge Turk instructed the jury that "the measure of damages that is recoverable is the difference in value immediately before and immediately after the damages occur, plus the necessary and reasonable expenses shown by the evidence to have been incurred by the Plaintiff as a result of the damages to the property, if any." Kennedy presented ample, credible evidence from which a jury could have reasonably rendered a verdict of $35,500.00. Thus, we find that Judge Turk abused his discretion in granting a new trial and remand for reinstatement of the original jury verdict.
 
 
 10
 Evidence of the value of the plane prior to the negligent repair varied from $29,000.00 to $35,000.00 and the value after the damage ranged from $9,600.00 to $27,000.00. Kennedy testified that he purchased the plane in 1975 for $19,000.00 and made improvements costing $10,000.00. He also estimated the fair market value of the plane, if in good condition, at $32,000.00 to $35,000.00. The salvage value of the plane after the windstorm was $8,000.00 and Kennedy received $19,000.00 for the storm damages. He paid $23,000.00 for structural repairs, but eventually sold the restored structure for $9,000.00 and the engine as salvage for $600.00.
 
 
 11
 Kennedy offered proof of more than $8,000.00 in reasonable and necessary expenses. He paid $819.00 for the original negligent service in 1977 and $2,330.00 for the repairs in 1979-80. His airfare between Michigan and Virginia was $485.00. He paid $1,500.00 to remove the engine and ship it to the factory as ordered by the FAA. Hangar fees in Michigan for the disabled plane were $3,700.00.
 
 III.
 
 12
 Kennedy also presented evidence of the value of engine hours "stolen" while the plane was being repaired in 1979-80. He testified that the left engine clock showed 238.6 hours of use during the period that the plane was at the Airport for repairs, but that only 10 hours should have been necessary as incidental to the repairs. He estimated the rental value of the "stolen" hours at $23,900.00. Although Kennedy did not allege a claim for quantum meruit in his complaint, this evidence was admitted without objection. Judge Turk did not charge the jury on this claim, but he refused Defendants' request to instruct the jury to disregard the evidence of the value of those hours.
 
 
 13
 Pursuant to Federal Rule of Civil Procedure 15(b), "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Under Rule 15, a party may move to conform the pleadings to the evidence, "but failure so to amend does not affect the result of the trial of these issues." Since Defendants failed to object to the evidence of the "stolen time," the claim for quantum meruit was properly before the jury.
 
 
 14
 The dissent contends that consent should not be implied because the evidence of the stolen hours was relevant to the properly pleaded issue of diminution in the value of the engine and only incidentally tended to establish the unpleaded quantum meruit claim. Quillen v. Int'l Playtex, Inc., 789 F.2d 1041, 1044 (4th Cir.1986). However, the record clearly shows that the evidence of the stolen hours was presented as an independent claim. In addition to testifying that the hours diminished the value of the engine by $4,000.00, Kennedy also testified that the estimated rental value of the hours was $23,900.00. Further, without objection, Kennedy's counsel listed on a blackboard before the jury this amount as one portion of the total damages sought. Although the blackboard was not preserved as part of the record, the transcript indicates that this amount was separately listed as a claim for stolen time. Consent was fairly implied by the Airport's failure to object to presentation of this evidence.
 
 
 15
 It appears that the claim for quantum meruit formed a substantial portion of the damages awarded at the first trial. Further, the exclusion of that claim on retrial explains the disparity between the two jury verdicts. Since the quantum meruit claim was properly before the first jury, its verdict was not excessive.
 
 IV.
 
 16
 Kennedy contends that both Judge Turk and Judge Michael erred in excluding his claims for emotional distress and punitive damages. We find these contentions without merit.
 
 
 17
 REVERSED and REMANDED.
 
 MURNAGHAN, Circuit Judge, dissenting:
 
 18
 The majority reinstates the verdict of the first trial because that jury could properly award Kennedy damages for the rental value of "stolen" time under a quantum meruit theory that was not pleaded and for which the jury received no instruction. I cannot agree. While a jury has great latitude in determining what damages a plaintiff is entitled to, it cannot create its own right of recovery for the plaintiff.
 
 
 19
 Defendants were liable for negligent repair of plaintiff's airplane engine. Judge Turk directed a finding of negligence on the liability question. Under Virginia law, when personal property has been damaged but not destroyed, the measure of damages is the difference between the market value immediately before and immediately after the damage occurs plus the necessary and reasonable expenses incurred by plaintiff as a result of the damage. See Averett v. Shircliff, 218 Va. 202, 206 n. 2, 237 S.E.2d 92, 95 n. 2 (1977). The negligent act of defendants consisted of installation of an incorrect piston and rings in December 1977. The plane was operated, apparently without difficulty, for two years with the wrong piston and rings in place. Upon finding the mistake in September 1979, defendant replaced the piston and rings but required Kennedy to pay for the other repairs necessary to certify the plane as airworthy. The theory of Judge Turk, in the first trial, in ordering the remittitur or new trial was that the most Kennedy's damages could be was replacement of the left engine that was negligently repaired. He set the replacement value at no more than $7500.
 
 
 20
 The evidence of defendants' theft of time was presented during direct examination of Kennedy. The testimony was elicited from him while he testified regarding his expenses resulting from the defective engine repair. Kennedy testified that the engine had been operated for 238.6 hours from August 1979 to February 1980 while the airplane was under defendants' control during their servicing of it. Kennedy testified that no more than ten hours should have been necessary to make the repairs. He indicated that the rental value of the aircraft's use for the excess hours was $23,900. The testimony was not objected to. Moreover, during closing argument, plaintiff's counsel listed, on a chart that summarized damages, the "stolen" time and its value as an element of damages. That was not objected to either.
 
 
 21
 While Kennedy's testimony is in evidence and therefore before the jury, the issue is whether the jury could properly base its verdict on that evidence. It could not. The stolen time was not an element of damage flowing from defendants' negligence in the December 1977 repair. Recovery for stolen time can only be made under a separate claim: perhaps under a contract theory of quantum meruit or perhaps under a tort theory of bailment. Neither theory was pleaded, neither was added by amendment, and the jury was not instructed regarding either theory.
 
 
 22
 The majority opinion concludes that recovery is available under quantum meruit since that issue was tried by implied consent of the parties under Fed.R.Civ.P. 15(b). It was not. The only act, or more precisely failure to act, of defendants from which consent can be implied is their failure to object to: (1) Kennedy's testimony, and (2) reference to it in closing argument. Standing alone that is a weak reed with which to imply consent to try a wholly separate claim.
 
 
 23
 Further, Kennedy's testimony was relevant to an issue already in the case. Evidence relating to the hours of operation of the engine was relevant to the engine's value. Testimony that defendants were responsible for some of the hours is relevant to a defense that the engine's value is diminished because of the high amount of elapsed hours of operation it has undergone. The evidence would also be relevant to a claim by Kennedy that defendants are liable for using his engine and presumably his airplane without his consent. But, "[a]s we have held before, a court will not imply consent to try a claim merely because evidence relevant to a properly pleaded issue incidentally tends to establish an unpleaded claim." Quillen v. International Playtex, Inc., 789 F.2d 1041, 1044 (4th Cir.1986) (citing McLeod v. Stevens, 617 F.2d 1038, 1040-41 (4th Cir.1980)).
 
 
 24
 It is the function of the court to ensure that the jury does not create its own basis of recovery. That theory underlies the International Playtex decision. Since the jury was not instructed regarding a quantum meruit or bailment theory it could not properly base its verdict on those claims. The stolen time claim was not for damage flowing from defendants' negligence. Plaintiff therefore cannot recover for it. Judge Turk properly excluded the stolen time claim from the verdict when he ordered a remittitur. I would affirm that order. Further, I would affirm the judgment in favor of Kennedy for $6,000.00 rendered on retrial.