**INSURE ONE INDEPENDENT
INSURANCE AGENCY,
INC., Appellant,**

v.

**Christopher A. KOESTNER, Appellee.**

**No. 94 C 6554.**

United States District Court,
N.D. Illinois,
Eastern Division.

June 20, 1996.

David K. Schmitt, Paul A. Haskins, Katten, Muchin & Zavis, Chicago, IL, for appellant.

Ronald Lawrence Barnard, Bradley H. Foreman, Barnard, Foreman & McCollam, Ltd., Chicago, IL, for appellee.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

On December 8, 1994, Insure One Independent Insurance Agency ("Insure One") appealed from Bankruptcy Judge Thomas James' order entering judgment for Christopher Koestner ("Koestner") and holding Insure One liable for retaliatory discharge and violation of the automatic stay. After considering the arguments raised in the briefs and hearing oral argument on these issues, this

Court affirms the bankruptcy court's judgment.

## I. BACKGROUND

On June 19, 1991, Insure One hired Koestner as a sales agent. He was initially assigned to work at Insure One's office at 103rd St. and Western Avenue. Koestner was subsequently transferred to two other Insure One offices, where he worked between June 1992 and August 1993, when he was terminated.

On June 11, 1993, Equitable Life Insurance instituted a wage garnishment proceeding against Insure One to collect a $10,979 judgment owed by Koestner. On July 23, 1993, Koestner filed a Chapter 7 bankruptcy petition. Although Koestner's attorneys informed Insure One that Koestner had filed for bankruptcy, Insure One continued to garnish his wages. On August 20, 1993, Insure One was served with an emergency motion to enjoin deductions from Koestner's wages and on August 23, 1993, Insure One fired Koestner.

■ Koestner subsequently filed suit alleging that: 1) he was discharged for asserting his bankruptcy rights, in violation of 11 U.S.C. § 525(b); 2) Insure One intentionally violated the automatic stay; and 3) he was discharged because he was subject to a wage deduction, in violation of 735 ILCS 5/12–818. Judge Thomas held a bench trial on May 3–5, 1994. The bankruptcy court found that Koestner was "fired in retaliation for asserting his rights under the Bankruptcy Code and that Insure One willfully violated the automatic stay." Op. at 1. He also found that Koestner was entitled to recover damages for "retaliatory discharge under Illinois law." [1] Op. at 2. In reaching this decision, the bankruptcy court rejected Insure One's claim that Koestner was fired due to his consistent poor performance. Judge Thomas then awarded Koestner $6,355.76, the amount of his lost income, plus costs. The bankruptcy court also awarded Koestner his "reasonable attorney's fees incurred due to Insure One's violation of the automatic stay granted in Code § 362(h)." Op. at 13.

On appeal, Insure One challenges the bankruptcy court's finding of liability for the common law tort of retaliatory discharge. Appellant Br. at 5. It argues that the bankruptcy court erred in expanding the Illinois common law tort to cover Koestner's discharge and in finding that it gave its implied consent to the trial of the common law retaliatory discharge claim. Insure One does not contest the judgment for violation of the automatic stay pursuant to 11 U.S.C. § 362(h). *Id.* This Court now turns to the issues on appeal.

## II. STANDARD OF REVIEW

■ This Court reviews a bankruptcy court's factual findings for clear error and its legal conclusions de novo. *See, e.g., Meyer v. Rigdon,* 36 F.3d 1375, 1379 (7th Cir.1994); *In re Rivinius, Inc. v. Cross Manufacturing, Inc.,* 977 F.2d 1171, 1175 (7th Cir.1992); *Matter of Newman,* 903 F.2d 1150, 1152 (7th Cir.1990).

## III. ANALYSIS

### A. Bankruptcy Court's Ruling

As a preliminary matter, however, this Court must determine the precise basis for

---

1. The bankruptcy court did not reach the third claim alleging a violation of 735 ILCS 5/12–818. The court stated, "[w]e need not discuss whether this class A misdemeanor gives rise to a civil action for retaliatory discharge for we are satisfied that Koestner may recover under the common-law tort of retaliatory discharge." Op. at 2.

In March 1995, this Court requested that the parties file supplemental briefs regarding the bankruptcy court's jurisdiction over tort and criminal law issues. This Court believes that such issues could be heard under the bankruptcy court's "related to" jurisdiction.

["Related to" jurisdiction] primarily is intended to encompass tort, contract, and other legal claims by and against the debtor, claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others but that section 1334(b) allows to be forced into bankruptcy court so that all claims by and against the debtor can be determined in the same forum.

*Zerand–Bernal Group, Inc. v. Cox,* 23 F.3d 159, 161 (7th Cir.1994). As discussed in this opinion, this Court finds that Insure One did not give its implied consent to the common law retaliatory discharge claim. This Court is satisfied that, under different circumstances, the Illinois statute could potentially be used to argue that a "clearly mandated public policy" existed. This Court, however, need not determine that issue in this case.

the bankruptcy court's $6,355.76 judgment. The parties offer different readings of the court's liability findings. Insure One contends that the bankruptcy court only found liability under the Illinois common law tort of retaliatory discharge. As a result, it limited its appeal to this issue. Koestner disagrees with Insure One's interpretation and maintains that the judgment was based on the alternative and independent grounds of discharge in violation of 11 U.S.C. § 525(b) and common law retaliatory discharge.

■ The parties discuss this issue in their briefs. Koestner cites to the first paragraph of the bankruptcy court's opinion which states: "The court finds and concludes that Koestner was fired in retaliation for asserting his rights under the Bankruptcy Code and that Insure One willfully violated the automatic stay." Op. at 1. The following paragraph begins "The court is *also* of the opinion that Koestner is entitled to recover damages for retaliatory discharge under Illinois law." Op. at 2 (emphasis added). Koestner, therefore, maintains that the judgment for lost income was based on both the Bankruptcy Code and Illinois law.

Insure One admits that when the above cited language is read in isolation, it can interpreted as "ambiguous as to the legal basis of liability." Appellant Br. at 25. It, however, urges that a "good faith reading" of the bankruptcy court's memorandum and order demonstrates that the bankruptcy court did not find that Koestner's bankruptcy was the sole reason for his firing, as required under 11 U.S.C. § 525(b). Instead, Insure One argues that the bankruptcy court concluded that Koestner was discharged "because he acted to sue the company to enforce the automatic stay as it applied to his wage deduction." Appellant Br. at 25. In support, it cites to the court's determination that there was "an intent on the part of Insure One to retaliate for Koestner's taking legal action against it" and the court's statement that "we are satisfied that Insure One discharged Koestner in retaliation for moving to enjoin Insure One from making garnishment deductions." Op. at 5, 7.

While this Court agrees that the bankruptcy court pointed to the suit to enjoin wage deductions as a basis for the discharge, we cannot ignore the opinion's plain language. The bankruptcy court explicitly found that Koestner was fired for asserting his rights under the Bankruptcy Code. Judge James then stated that he *also* found a violation of Illinois common law. While the opinion did not explicitly reference § 525(b), the bankruptcy court's specific finding that Koestner was fired for asserting his rights under the Bankruptcy Code appears to this Court to be the functional equivalent. The opinion's language indicates to this Court that the bankruptcy court found liability under both bases; the $6,355.76 judgment for lost income was awarded for discharging Koestner in violation of the Bankruptcy Code and the Illinois common law tort of retaliatory discharge.

## B. Implied Consent

■ Insure One contests the bankruptcy court's finding that it implicitly consented to the trial of the common law tort of retaliatory discharge. In its opinion, the bankruptcy court relied on Federal Rules of Civil Procedure 15(b) and 54(c) to support its implied consent ruling. Federal Rule of Civil Procedure 15(b) states in pertinent part:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to amend does not affect the result of the trial on these issues.

Fed.R.Civ.P. 15(b) (1996). In deciding whether there was implied consent, a court must determine "whether the opposing party had a fair opportunity to defend and whether he could have presented additional evidence had he known sooner the substance of the amendment." *In re Rivinius*, 977 F.2d at 1175 (quoting *Matter of Prescott*, 805 F.2d 719, 725 (7th Cir.1986) (quoting another case)). *See also Evans Products Co. v. West American Insurance Co.*, 736 F.2d 920, 924 (3rd Cir.1984). In light of this standard, this Court must review whether the bankruptcy

court erred in finding that Insure One gave its implied consent to trying the common law retaliatory discharge claim.

Neither party indicates the appropriate standard of review for an implied consent determination. This Court notes that there appears to be a conflict in Seventh Circuit precedent. In *In re Rivinius,* the majority reviewed de novo a bankruptcy court's application of Rule 15(b) to find implied consent to a contribution counterclaim. The majority characterized the issue as a question of law which warranted a de novo review. *In re Rivinius,* 977 F.2d at 1175. This standard, as the dissent in *In re Rivinius* states, conflicts with the generally applied "abuse of discretion" standard for express or implied consent determinations. *See id.* at 1177 (Cudahy, J., dissenting) (citing 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1493, at 41 (2d ed. 1990)). *See also Kirkland v. District of Columbia,* 70 F.3d 629, 633 (D.C.Cir. 1995).

 While recognizing that this conflict exists, we need not resolve it since we believe that the bankruptcy court erred under either standard.[2] This Court concludes that Insure One lacked notice of the common law tort of retaliatory discharge claim during the bench trial; Koestner's argument that the complaint provided Insure One with notice is unconvincing. Koestner cites to paragraph nineteen of his complaint, where he alleged "that he was terminated because of his status as a debtor under the Bankruptcy Code." Appellee Br. at 18. Koestner claims that this provided notice of the state law retaliatory discharge claim. This Court disagrees; this particular language appears to apply to Count I, discharge in violation of 11 U.S.C. § 525(b).

Koestner next argues that Count III, violation of 735 ILCS 5/12–818, notified Insure One of the common law retaliatory discharge claim. He states "[c]learly, Count III was a claim for retaliatory discharge based on the public policy against terminating an employee for having his wages garnished set out in 735 ILCS 5/12–818." Appellee Br. at 19. While Koestner would like to characterize Count III as a "clear" claim for common law retaliatory discharge, this Court must disagree. The elements for a retaliatory discharge under Illinois law were never specified or discussed. The connection between the Illinois statute and the common law tort of retaliatory discharge was never established. Only in Koestner's post-trial brief did the term "retaliatory discharge" under Illinois law even arise. This Court believes this is insufficient notice of the new cause of action.

Both Insure One and Koestner acknowledge that all the evidence introduced at trial was "material to the federal or state statutory retaliatory discharge counts of plaintiff's complaint or to the count alleging violation of the automatic stay." Appellant Br. at 21. As a general rule, "the introduction of evidence relevant to an issue already in the case may not be used to show consent to the trial of a new issue absent a clear indication that the party introducing the evidence is attempting to raise a new issue." *Int'l. Harvester Credit Corp. v. East Coast Truck,* 547 F.2d 888, 890 (5th Cir.1977). *See also Rodriguez v. Doral Mortgage Corp.,* 57 F.3d 1168, 1172 (1st Cir.1995); 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1493 at 32 (2d ed.1990).

Koestner incorrectly argues that the overlap of evidence demonstrates that the trial court properly found implied consent. "A court will not imply consent to try a claim merely because evidence relevant to a properly pleaded issue incidentally tends to establish an unpleaded claim." *Ippolito v. WNS, Inc.,* 864 F.2d 440, 456 (7th Cir.1988) (quoting *Quillen v. Int'l. Playtex, Inc.,* 789 F.2d 1041, 1044 (4th Cir.1986)), *cert. dismissed,* 490 U.S. 1061, 109 S.Ct. 1975, 104 L.Ed.2d 623 (1989). Given the fact that all the material evidence related to the three counts in

---

**2.** An abuse of discretion "will be found if 1) the decision was based on an erroneous conclusion of law, 2) the record contains no evidence on which the bankruptcy court could have based its decision, or 3) the factual findings are clearly erroneous." *In the Matter of Stavriotis,* 977 F.2d 1202, 1204 (7th Cir.1992) (citing *Deitchman v. E.R. Squibb & Sons, Inc.,* 740 F.2d 556, 563–64 (7th Cir.1984)).

the complaint, Insure One lacked notice during the trial that Count III, discharge in violation of an Illinois statute, had been transformed into an Illinois common law claim. *See Burdett v. Miller*, 957 F.2d 1375, 1380 (7th Cir.1992) (finding that there was no implied consent when defendant had no warning that "evidence manifestly admissible because relevant to the conspiracy charge would also be used to establish the existence of a[ ] [RICO] enterprise to which no one in the course of this litigation had alluded").

This is particularly true in this case since there was no evidence or mention of the one element which distinguishes common law retaliatory discharge from the other counts presented in the complaint: "clear mandated public policy." *See Palmateer v. Int'l. Harvester Co.*, 85 Ill.2d 124, 133, 52 Ill.Dec. 13, 421 N.E.2d 876 (1981) (discussing the "public policy" element of a retaliatory discharge claim). A common law retaliatory discharge claim requires the plaintiff to prove three elements: 1) a discharge, 2) in retaliation for his activities, and 3) that the discharge was in contravention of a clearly mandated public policy. *Fellhauer v. City of Geneva*, 142 Ill.2d 495, 505, 154 Ill.Dec. 649, 568 N.E.2d 870 (1991). This Court's review of the bench trial transcript did not reveal a single reference to, or any evidence of a "public policy", an essential element for a retaliatory discharge claim under Illinois law. Without this, Insure One could not realize that Koestner was presenting a new cause of action.

Furthermore, simply citing to an Illinois statute was insufficient to notify Insure One of the common law retaliatory discharge claim. As the Illinois Supreme Court has stated:

the mere citation of a constitutional or statutory provision in a complaint will not by itself be sufficient to state a cause of action for retaliatory discharge. Rather, a plaintiff must demonstrate that the public policy mandated by the cited provision is violated by his discharge.

*Fellhauer*, 142 Ill.2d at 505, 154 Ill.Dec. at 654, 568 N.E.2d at 875 (citing *Barr v. Kelso–Burnett Co.*, 106 Ill.2d 520, 527, 88 Ill.Dec. 628, 478 N.E.2d 1354 (1985)). In this case, there was no mention of a public policy during the trial. Moreover, Koestner did not establish any connection between the Illinois statute, a public policy, and common law retaliatory discharge.

Without any evidence or argument regarding public policy, the bankruptcy court erred in finding liability under common law retaliatory discharge. Insure One lacked notice that any public policy was at issue. In fact, there appears to be disagreement as to which public policy was violated. Koestner argued that the public policy was evidenced in the Illinois statute, 735 ILCS 12–818, prohibiting discharge because of wage garnishment. In its opinion, the bankruptcy court found that the public policy involved was the Bankruptcy Code. It found that public policy "clearly favors enforcement of the automatic stay." Op. at 7. This difference demonstrates there was no evidence regarding which "clearly mandated public policy" was implicated. Insure One lacked an opportunity to present "additional evidence" on this element or the broader retaliatory discharge claim. Consequently, it lacked notice of the new cause of action and could not have given its implied consent.[3]

## C. Rule 54(c)

 The bankruptcy court relied on both Rules 15(b) and 54(c) in finding that Insure

---

**3.** Koestner argues that Insure One gave its implied consent when it responded to the retaliatory discharge argument in its post-trial brief in support of judgment. Generally, a party demonstrates its lack of consent by objecting that "the contested matter is not within the issues made by the pleadings." *In Matter of Prescott*, 805 F.2d at 725. While this Court acknowledges that it is troubling that Insure One did not object that the issue was outside the pleadings, this, by itself, is not enough to find implied consent. In its post-trial brief, Insure One did argue that retaliatory discharge was being presented for the first time

after the trial. Furthermore, this Court finds that Insure One lacked "a fair opportunity to defend" and an opportunity to present additional evidence, which is fatal to an implied consent finding. Without mention of the one element, public policy, which distinguished common law retaliatory discharge from the other three pleaded counts, Insure One could not have realized that a new claim was being presented. To find otherwise might encourage parties to bring "stealth claims" by failing to introduce evidence on critical elements during trial and then introducing new claims during post-trial.

One was liable for the common law tort of retaliatory discharge. Rule 54(c) states, in pertinent part:

> Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.

Fed.R.Civ.P. 54(c) (1996). Koestner contends that Rule 54(c) "requires courts to award appropriate relief, even if the prevailing party did not request the relief." Br. at 17. Rule 54(c), however, cannot be used to obtain relief based on a theory that was not properly raised at trial. *See, e.g., Rodriguez*, 57 F.3d at 1173 ("Rule 54(c)'s concern for appropriate relief does not include relief which a plaintiff has foregone because of failures in the pleadings or in the proof."); *In re Rivinius, Inc.*, 977 F.2d at 1177 (citing *Cioffe v. Morris*, 676 F.2d 539, 541 (11th Cir.1982)); *Evans*, 736 F.2d at 923 (citing *Monod v. Futura, Inc.*, 415 F.2d 1170, 1174 (10th Cir.1969)) ("[54(c) ] relief may be based on a theory of recovery only if the theory was presented on the pleadings or tried with the express or implied consent of the parties").

Because the bankruptcy court erred in finding implied consent, the common law tort of retaliatory discharge was never properly raised during trial. Consequently, Rule 54(c) cannot be used to justify the bankruptcy court's judgment. This Court, therefore, concludes that since implied consent was lacking, the bankruptcy court erred in finding liability for retaliatory discharge under Illinois common law. However, this Court affirms the $6,355.76 judgment for lost income because the bankruptcy court found liability under both the Bankruptcy Code and Illinois common law. Accordingly, the judgment based on the Bankruptcy Code finding stands.

## IV. CONCLUSION

For the reasons stated above, this Court finds that the bankruptcy court erred in finding implied consent to the trial of common law retaliatory discharge. This Court, however, affirms the $6,355.76 award based on

the bankruptcy court's finding that Koestner was fired in retaliation for asserting his rights under the Bankruptcy Code.