**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JOHN FERNANDEZ, III,
                *Plaintiff-Appellee,*

         v.

JAMES B. HAYNIE, d/b/a Financial
Solutions, a/k/a Jim Haynie,
individually; U. S. ENTERPRISES,
L.C., d/b/a U. S. Vessels, d/b/a
Financial Solutions, a/k/a U. S.
Enterprises, LLC,
                *Defendants-Appellants,*

         and

JAMES K. HAYNIE, d/b/a Financial
Solutions, a/k/a Kevin Haynie,
individually; TOMMY K. HILL, d/b/a
The Covenant Group, d/b/a U.S.
Vessel Services, Incorporated, d/b/a
U. S. Vessels, individually; J. M.
CARON, d/b/a The Covenant Group,
d/b/a U. S. Vessel Services,
Incorporated, d/b/a U. S. Vessels,
individually; U. S. VESSEL SERVICES,
INCORPORATED, d/b/a The Covenant
Group, in its own behalf,
                *Defendants.*

No. 01-1831

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Henry C. Morgan, Jr., District Judge.
(CA-00-9)

Argued: February 27, 2002

Decided: March 25, 2002

Before NIEMEYER and LUTTIG, Circuit Judges, and
Henry M. HERLONG, Jr., United States District Judge
for the District of South Carolina, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** William Frederick Jones, WILLIAMS, MULLEN, CLARK & DOBBINS, Richmond, Virginia, for Appellants. Philip Norton Davey, DAVEY & BROGAN, P.C., Norfolk, Virginia, for Appellee. **ON BRIEF:** William D. Bayliss, WILLIAMS, MULLEN, CLARK & DOBBINS, Richmond, Virginia, for Appellants.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

James B. Haynie ("Haynie") appeals from two orders of the district court. First, Haynie appeals the district court's denial of his motion to dismiss for lack of subject matter jurisdiction. Second, Haynie appeals the district court's order entering judgment and awarding attorneys' fees to John Fernandez, III ("Fernandez") following a bench trial on the merits.

### I.

During the time relevant to this lawsuit, Fernandez owned three commercial fishing boats. One of Fernandez's boats was the F/V Cap-

tain Layman ("Layman"). On February 1, 1998, a crewman aboard the Layman named Chauncey Pitts ("Pitts") broke his arm. Upon asserting a claim under his marine insurance for Pitts' injury, Fernandez learned that Haynie, his insurance broker, had misled him concerning the nature and quality of his insurance coverage.

In early 1997, about one year before Pitts' injury, Fernandez contracted with Haynie, an insurance broker with U.S. Enterprises, L.C. ("U.S. Enterprises"), to procure marine insurance on his fishing boats. Haynie originally placed Fernandez's policy with an "A" rated American insurance company. Later that year, the "A" rated insurance company informed Haynie that it would not renew his book of business. After informing Fernandez of the non-renewal, Fernandez stressed to Haynie that his insurance must be placed with another "A" rated domestic company. For the time being, Haynie placed Fernandez's insurance with an unrated, offshore carrier with the understanding that Haynie would soon find a suitable carrier.

However, unknown to Fernandez, Haynie eventually transferred Fernandez's insurance to LIC Liberty Insurance Company ("Liberty"), an unrated company organized under the Exempt Companies Act of Aruba, The Netherlands Antilles. Also unknown to Fernandez was the fact that Haynie and two other individuals were actively involved in a venture to build their own marine insurance business. The loss of Fernandez's business would have dealt a significant blow to Haynie's efforts.

When Fernandez attempted to file a claim concerning Pitts' injuries, he discovered the switch to Liberty. Pitts eventually filed a lawsuit against Fernandez to recover for his injuries on board the Layman. Liberty failed to provide Fernandez with a defense, and the first attorney who handled Fernandez's case was unable to make contact with Liberty.

## II.

Haynie first challenges the district court's denial of his motion to dismiss for lack of subject matter jurisdiction. Haynie argues that the district court improperly asserted admiralty jurisdiction over the case because the contract to procure marine insurance is not maritime.

After a *de novo* review of the nature and subject matter of the contract at issue, the court finds that the contract is maritime in nature and the district court properly asserted admiralty jurisdiction over the case. *See Exxon Corp. v. Central Gulf Lines, Inc.*, 500 U.S. 603, 612 (1991).

### III.

Haynie also challenges the district court's finding of fraud and award of attorneys' fees to Fernandez. After conclusion of the trial, the district court allowed Fernandez to amend his pleadings to conform to the evidence to state a viable cause of action for fraud. *See* Fed. R. Civ. P. 15(b). The district court found that Haynie's concealment of the switch of Fernandez's insurance to Liberty while pursuing his goal of creating his own marine insurance business constituted fraud. Based on its finding of fraud, the district court awarded Fernandez attorneys' fees.

We find that the district court did not abuse its discretion in allowing Fernandez to amend his pleading to conform to the evidence. *See Quillen v. International Playtex, Inc.*, 789 F.2d 1041, 1043 (4th Cir. 1986) (stating that district court's decision to allow plaintiff to amend pleadings to conform to the evidence under Rule 15(b) is reviewed for abuse of discretion). The district court found that Haynie committed fraud under Virginia law. "[I]n an admiralty case, a court applies federal common law and can look to state law in situations where there is no admiralty law on point." *Ost-West-Handel Bruno Bischoff GMBH v. Project Asia Line, Inc.*, 160 F.3d 170, 174 (4th Cir. 1998); *see also Su v. M/V Southern Aster*, 978 F.2d 462, 472-73 (9th Cir. 1992) (applying state law definition of fraud in admiralty). After a review of the district court's determination of this issue, we find it to be without reversible error. As to the district court's award of attorneys' fees, while such motions are granted infrequently, the "district court has wide discretion in deciding motions for attorneys fees in admiralty cases." *Ost-West-Handel*, 160 F.3d at 177. We cannot say that under the circumstances of this case the district court abused its discretion in its award of attorneys' fees to Fernandez. We therefore affirm the judgment of the district court.

*AFFIRMED*